FILED

2014 FEB -3 PM 3:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Joseph H. Low IV, Esq. (SBN 194897)
   THE LAW FIRM OF JOSEPH H. LOW IV
2  One World Trade Center, Suite 2320
   Long Beach, CA. 90831
3  Telephone:  (562) 901-0840
   Facsimile:   (562) 901-0841
4  E-mail: jhlowiv@aol.com

5  Michael R. Marrinan (SBN# 90484)
   Attorney at Law
6  LAW OFFICES OF MICHAEL R. MARRINAN
   614 Fifth Avenue, Suite D
7  San Diego, CA 92101
   Telephone:  (619) 238-6900
8  Facsimile:   (6190 515-0505
   E-mail: mrmarrinan@aol.com

10 Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SONNY JOSEPH, MAZON, deceased, by his mother and successor in interest, Lavenia Mazon, and LAVENIA MAZON, individually,<br><br>        Plaintiffs,<br><br>    vs.<br><br>DR. KHAN, and DOES 1-10,<br><br>        Defendants. | Case No. EDCV14-207-JGB (DTBx)<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

### JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and the Fourth and Fourteenth Amendments to the United States Constitution, for personal injuries, wrongful death and violation of constitutional rights by defendant Dr. Khan, a psychiatrist employed by the County of Riverside

1

who works in the Riverside County Jail, including the Larry Smith Detention Facility. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. The unlawful acts and practices alleged herein occurred in the County of Riverside, California, which is within this judicial district.

## PARTIES AND GENERAL ALLEGATIONS

2. Plaintiff Lavenia Mazon is a resident of the County of Riverside, State of California. Plaintiffs' decedent, Sonny Joseph Mazon, was a resident of the County of Riverside, State of California at the time of his death on February 4, 2012.

3. Plaintiff Lavenia Mazon is the mother of Plaintiffs' decedent, Sonny Joseph Mazon, and is his successor-in-interest. Plaintiff Lavenia Mazon brings this action as an individual on her own behalf and on behalf of Plaintiff Estate of Sonny Joseph Mazon, deceased, in her representative capacity as successor-in-interest to decedent Sonny Joseph Mazon.

4. Decedent Sonny Joseph Mazon died intestate in the city of Palm Springs, County of Riverside, State of California. No special administrator or personal representative of the Estate of Sonny Joseph Mazon has been appointed by any court.

5. The plaintiffs' decedent is Sonny Joseph Mazon, who, at the time of his death on February 4, 2012, was a 24 year old resident of the County of Riverside, California. Sonny Mazon was a United States Army veteran, having served in the Afghanistan war with the 101st Airborne Division. At the time of his death, Sonny Joseph Mazon was single and had no children.

6. At all times relevant hereto, defendant Dr. Khan was an employee and/or agent of the County of Riverside. Dr. Khan is sued individually and in his capacity as an employee or agent of the County of Riverside.

7. Defendant Dr. Khan and DOES 1-10 performed all of the herein alleged

acts under color of the laws of the County of Riverside and the State of California.

8. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, are unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to show the unknown defendants' true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all defendants sued herein as DOES are in some manner responsible for the acts herein alleged.

9. Each of the acts of the individually named defendant and DOES 1 through 10, were done by them by under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. Said defendants were the servants, agents and employees of defendant County of Riverside, and in doing the acts hereinafter described, acted within the course and scope of their employment.

## FACTUAL ALLEGATIONS

10. Plaintiff's decedent, Sonny Joseph Mazon, was in the United States Army for four years and was honorably discharged in late 2010. He served 15 months in combat in Afghanistan with the 101st Airborne Division. During his service in Afghanistan Mr. Mazon suffered a traumatic brain injury from an improvised explosive device, as well as severe psychological injuries due to his experiences in combat.

11. After his discharge from the Army Mr. Mazon suffered significant psychological deficits and severe post traumatic stress disorder, for which he was treated at the Loma Linda Veterans Administration Hospital. He attempted suicide on multiple occasions.

12. On June 21, 2011, Mr. Mazon was arrested after a traffic accident where he left the scene. Mr. Mazon was located by police in his bathtub with a knife, threatening to slash his wrists. He was subdued, arrested and incarcerated at

the Larry D. Smith Correctional Facility which is operated by defendant County of Riverside and its sheriff's department. While in custody Mr. Mazon was placed on suicide watch in a safety cell. He was eventually released from custody.

13. On January 25, 2012, Mr. Mazon was arrested for felony charges after a domestic altercation at his home in Riverside County. He was again booked into the Larry D. Smith Correctional Facility and placed on suicide watch in a safety cell after exhibiting clear indications that he was suicidal.

14. Plaintiffs are informed and believe that Mr. Mazon was released on January 27, 2012 and re-arrested that same day by San Jacinto/Riverside County sheriff's deputies and re-booked into the Larry D. Smith Correctional Facility. Plaintiffs are further informed and believe that during the booking process on January 28, 2012 Mr. Mazon attempted to stab himself with a pen. Force was required to subdue him. Clearly suicidal, Mr. Mazon was placed in a safety cell, on suicide watch.

15. Plaintiffs are informed and believe that less than 24 hours later Mr. Mazon was removed from the safety cell and placed alone in a regular holding cell which contained a telephone and telephone cord. Sheriff's deputies responsible for classification and housing of inmates were told that by a mental health worker, Daniel Matloff, that Mr. Mazon was no longer suicidal and should be removed from the safety cell. Plaintiffs are informed and believe, based upon the testimony of Mr. Matloff, that Mr. Matloff consulted defendant Dr. Khan, the on-duty jail psychiatrist, who agreed with him and approved the removal of Mr. Mazon from the safety cell. Dr. Khan did so despite the fact that 1) he never saw or evaluated Mr. Mazon, 2) another jail psychiatrist, Dr. Patel, *had* evaluated Mr. Mazon and concluded he was suicidal and should remain in a safety cell, and 3) Mr. Mazon never received medications that Dr. Patel ordered the day before. Approximately one hour after being removed from the safety cell and being placed alone in a regular holding cell that contained a telephone, Mr. Mazon was discovered

4

unresponsive in his cell with the telephone cord wrapped around his neck in an apparent suicide attempt. Paramedics were called and Mr. Mazon was transported to Desert Regional Medical Center in Palm Springs where he was in a coma for several days. He never regained consciousness and died on February 4, 2012.

16. Between January 29, 2012 and February 1, 2012, Mr. Mazon's family attempted to locate him by repeatedly calling the Riverside Sheriff's Department. They were not told of his injuries and hospitalization. They were told he could not be visited. Finally, on February 1, 2012, family members learned from the Banning Police Department that Mr. Mazon had been injured and was hospitalized at the Desert Regional Medical Center. They immediately traveled to the hospital to see him. After first being denied access to Mr. Mazon, family members were finally able to see him. They found him in a coma, on life support. Three days later, on February 4, 2012, Mr. Mazon died from his injuries.

17. Defendant Dr. Khan was deliberately indifferent to Mr. Mazon's clear mental illness and serious medical needs, by failing to see and evaluate him, failing to consult with Dr. Patel, failing to insure he received the medications prescribed by Dr. Patel, and yet approving his removal from the safety cell. This constituted deliberate indifference to Mr. Mazon's serious medical needs and was the proximate cause of Mr. Mazon's death.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations - Plaintiff
Estate of Sonny Joseph Mazon Against Defendants Dr. Khan]

18. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 17 above as though fully set forth herein.

19. Sonny Joseph Mazon had a right under the Fourteenth Amendment to the United States Constitution to be free from excessive punishment and deliberate indifference to his serious medical needs by employees or agents of governmental

entities, including defendant Dr. Khan, a Riverside County jail psychiatrist. Mr. Mazon also had a right to due process of law and equal protection of the laws under the Fourteenth Amendment.

20. When Sonny Mazon was under the care and custody of Mr. Matloff and Dr. Khan, Defendant Dr. Khan acted with deliberate indifference to Sonny Mazon's serious medical needs and his known and recognized constitutional rights to due process, equal protection, bodily integrity and his right to be free from excessive punishment and deliberate indifference to his serious medical needs. Plaintiffs are informed and believe that Defendant Dr. Khan knew that Mr. Mazon was severely mentally ill and suicidal, and had received no treatment for his illness. Despite this knowledge, Dr. Khan approved and allowed Mr. Mazon to be removed from a safety cell and placed alone in a regular cell with a telephone cord that could easily be used to commit suicide. This was a clear violation of all proper protocols for suicidal inmates, constituted deliberate indifference to Mr. Mazon's serious medical needs as described above and was the proximate cause of Mr. Mazon's suicide and death.

22. As a result of Defendants' deprivation of Sonny Mazon's constitutional rights as described above, plaintiff Estate of Sonny Joseph Mazon has incurred damages, including physical injuries to and the eventual death of Plaintiffs' decedent, Sonny Joseph Mazon. Accordingly, Plaintiff Estate of Sonny Joseph Mazon is entitled to general and compensatory damages in an amount to be proven at trial.

23. The aforesaid acts and omissions of defendants Dr. Khan were done recklessly and/or with callous indifference to Sonny Joseph Mazon's health, safety and constitutional rights, therefore entitling Plaintiffs' to punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations By Plaintiff Lavenia Mazon, Individually, Against Defendant Dr. Khan]

24. Plaintiffs reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 23 above as though fully set forth herein.

25. As a result of the acts alleged above, particularly the deliberate indifference to Sonny Joseph Mazon's medical needs, his right to due process of law and his right against unreasonable seizures, Defendant Dr. Khan proximately caused severe injuries to and the eventual death by suicide of Sonny Joseph Mazon.

26. Plaintiffs are informed and believe that Defendant Dr. Khan knew that Sonny Mazon was severely mentally ill and suicidal. Despite this knowledge, Dr. Khan failed to properly monitor, evaluate and treat Sonny Mazon. Nevertheless, Sonny Mazon was removed from a safety cell and placed alone in a regular cell with a telephone cord that could easily be used to commit suicide. This was a clear violation of all proper protocols for suicidal inmates, constituted deliberate indifference to Mr. Mazon's serious medical needs and was also a proximate cause of Mr. Mazon's suicide and death.

27. As a result of Defendants' deprivation of Sonny Mazon's constitutional rights as described above, Defendant Dr. Khan deprived Plaintiff Lavenia Mazon of her constitutionally protected due process right to the love, support, affection and companionship of her son, in violation of Plaintiff Lavenia Mazon's constitutional rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution, particularly the due process clause of the Fourteenth Amendment.

28. The acts of defendants and each of them as described above also amounted to recklessness which caused injury and ultimately death to Sonny Joseph Mazon, thus causing a violation of the Fourteenth Amendment rights of

1 Plaintiff Lavenia Mazon. Said acts proximately caused the death of plaintiffs'
2 decedent, entitling Plaintiff Lavenia Mazon to general and compensatory damages
3 pursuant to 42 U.S.C. section 1983 et seq. in an amount to be proven at trial.
4     29. The aforesaid acts and omissions of defendant Dr. Khan were done
5 recklessly and/or with callous indifference to Sonny Joseph Mazon's health, safety
6 and constitutional rights, therefore entitling Plaintiffs' to punitive damages in an
7 amount to be proven at trial.

### THIRD CAUSE OF ACTION
[Negligence/Wrongful Death under California Law]

10     30. Plaintiffs reallege and incorporate by reference each and every
11 allegation contained in Paragraphs 1 through 29 above as though fully set forth
12 herein.
13     31. By the acts alleged above, Defendant Dr. Khan was negligent and
14 breached his duty of due care owed to Plaintiffs and their decedent, Sonny Mazon,
15 thereby causing the injuries and damages described in the Factual Allegations,
16 including the suicide of, injuries to, and wrongful death of Sonny Joseph Mazon,
17 as described above.
18     32. As a result of the negligence described above, Plaintiff Lavenia Mazon
19 is entitled to damages under California law from defendant Dr. Khan for the
20 wrongful death of her son, including, but not limited to, loss of love,
21 companionship, comfort, affection, society, moral support, financial support,
22 services, advice, training and funeral expenses. Plaintiff Lavenia Mazon is
23 therefore entitled to said general and compensatory damages in an amount to be
24 proven at trial.
25     33. By the acts alleged herein, including the negligence of defendant Dr.
26 Khan as described above, defendant Dr. Khan legally caused injury to, and the
27 death of, plaintiffs' decedent Sonny Joseph Mazon, causing the Estate of Sonny
28 Joseph Mazon to incur funeral expenses, medical bills, property loss and other

damages, entitling the Estate of Sonny Joseph Mazon to damages in an amount to be proven at trial, pursuant to California Code of Civil Procedure § 377.30.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against defendant Dr. Khan only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and,

4. For such other relief as the Court deems proper.

Dated: February 3, 2014

JOSEPH H. LOW IV
Attorney for Plaintiffs

Plaintiffs hereby demand a jury trial in this action.

Dated: February 3, 2014

JOSEPH H. LOW IV
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Jesus G. Bernal_____ and the assigned Magistrate Judge is _____David T. Bristow_____ .

The case number on all documents filed with the Court should read as follows:

**EDCV14-00207-JGB (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 3, 2014            By   MDAVIS
     Date                        Deputy Clerk

---

NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| ☐ Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | ☐ Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | ☒ Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ESTATE OF SONNY JOSEPH MAZON, deceased, by his mother and successor in interest, Lavenia Mazon, and LAVENIA MAZON, individually

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
DR. Khan, and DOES 1-10

**(b) County of Residence of First Listed Plaintiff** RIVERSIDE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
THE LAW FIRM OF JOSEPH H. LOW IV
One World Trade Center, Suite 2320
Long Beach, CA 90831    Telephone: 526.901.0840

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC Section 1983 Action Alleging Deliberate Indifference/Wrongful Death

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS PERSONAL INJURY** | **TORTS PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: EDCV14-207

CV-71 (11/13)     CIVIL COVER SHEET     Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☐ Yes ☒ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes ☒ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party | | INITIAL DIVISION IN CACD IS |
|---|---|---|---|
| | A PLAINTIFF<br>then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT<br>then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies:<br>☐ 2 or more answers in Column C<br>☐ only 1 answer in Column C and no answers in Column D<br>Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br>If none applies, answer question C2 to the right. ➡ | C.2. Is either of the following true? If so, check the one that applies:<br>☒ 2 or more answers in Column D<br>☐ only 1 answer in Column D and no answers in Column C<br>Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br>If none applies, go to the box below. ⬇ |
|---|---|
| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | EASTERN |

CV-71 (11/13)            CIVIL COVER SHEET            Page 2 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☐ NO   ☒ YES

If yes, list case number(s):  EDCV12-2240-DMG (SPx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: February 3, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |